UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN KING et al.,

        Plaintiffs,         Case No. 1:10-cv-57

v.         Honorable Gordon J. Quist

MARY BERGHUIS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by three state prisoners pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiffs' action will be dismissed for failure to state a claim.

## Discussion

I.     Factual allegations

Plaintiffs Kevin King, Richard Crowell and Henry Hence are incarcerated with the Michigan Department of Corrections (MDOC) and either are now or formerly were confined at the Earnest C. Brooks Correctional Facility (LRF). They sue MDOC Director Patricia Caruso, MDOC

Region II Environmentalist Thomas Vogal, LRF Warden Mary Berghuis and LRF Deputy Warden Rick Smith.

Plaintiffs purport to bring their claim on behalf of all similarly situated prisoners at LRF. They allege that, as prisoners at LRF, they have been confined in two-person cells measuring 10' x 7.5', which have no ventilation ducts of any kind. Although the cells have windows, Plaintiffs complain that the windows cannot be used in the winter without causing Plaintiffs to be subjected to substandard temperatures. Plaintiffs contend that they have suffered and continue to suffer adverse physical harm from the lack of ventilation, including the following: sinus infections; dried eyes; sore, scratchy throats; headaches; bleeding sinuses and sleep deprivation. Despite Plaintiffs' complaints about the lack of ventilation, Defendants allegedly have refused to take corrective action to protect Plaintiffs from the problem or to meet standards of air flow of 10 cubic feet of air flow per prisoner per minute. Plaintiffs contend that the present ventilation system results in cruel and unusual punishment under the Eighth Amendment.

For relief, Plaintiffs seek equitable and injunctive relief, together with compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596,

600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "[T]he Constitution does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

The Eighth Amendment is violated when a prison official is deliberately indifferent to the health or safety of a prisoner. *Estelle v. Gamble*, 429 U.S. 102, 104-05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The Supreme Court has developed a two-part analysis for Eighth Amendment challenges to conditions of confinement. First, under the "objective component," a prisoner must prove that the condition of which he complains is sufficiently serious to violate the Eighth Amendment. *Hudson*, 503 U.S. 1, 8 (1992). While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35. He also must show that the risk of which he complains is not one that society chooses to tolerate. *Id.* at 36.

Second, under the "subjective component," the prisoner must show that prison officials "acted with a sufficiently culpable state of mind" with regard to the alleged unconstitutional condition. *Hudson*, 503 U.S. at 8. Mere negligence is insufficient to establish culpability, but a prisoner need not demonstrate that the official acted with the purpose of causing harm. *Wilson v. Seiter*, 501 U.S. 294, 305 (1991). Instead, to establish the subjective component, a prisoner must

demonstrate that "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

In extreme circumstances, courts have found that inadequate ventilation may result in a sufficiently serious risk to prisoner safety under the Eighth Amendment. *See, e.g., White v. Monohan*, 326 F. App'x 385 (7th Cir. 2009) (reversing district court dismissal of claim alleging that inadequate ventilation permitted temperatures to reach 110 degrees during the summer months); *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004) (finding that the Eighth Amendment was violated by a ventilation system that allowed summer temperatures to average in the 90s, unless prison officials took measures to ameliorate the heat by providing fans, ice water and daily showers); *Keenan v. Hall*, 83 F.3d 1083 (9th Cir. 1996) (allowing a prisoner's claim that his cell was "[s]aturated with the [f]umes of [f]eces (thrown by some inmates), the smell of urine and vomit as well as other stale body odors"). However, absent such extreme conditions raising serious risks to prisoner health, the courts routinely have determined that claims concerning ventilation were insufficient to state an Eighth Amendment claim. *See, e.g., Vasquez v. Frank*, 290 F. App'x 927 (7th Cir. 2008) (holding that ventilation that allegedly caused dizziness, migraines, nasal congestion, nose bleeds and difficulty breathing did not rise to the level of an Eighth Amendment violation); *Chandler v. Crosby*, 379 F.3d 1278 (11th Cir. 2004) (citing cases and concluding that a ventilation system that allowed summer temperatures to average eighty-five or eighty-six degrees during the day and eighty degrees at night was not sufficiently extreme to violate the Eighth Amendment, where such temperatures were expected and tolerated by the general public in Florida); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (upholding the dismissal of a prisoner's claim that the confiscation of his extension cord, which was needed to operate a fan, deprived him of constitutionally adequate ventilation); *Bourrage v. McFarland*, No. 99-60923, 2001 WL 185034 (5th Cir. Feb. 6, 2001)

(upholding dismissal of a prisoner's claim that inadequate ventilation had led to his prescription for an Albuterol Inhaler); *Jasman v. Schmidt*, 4 F. App'x 233, 235-36 (6th Cir. 2001) (affirming dismissal of a claim that the weatherstripping on the doors of the cells at a Michigan prison prevented air circulation and resulted in inadequate ventilation); *Davis v. Crowley*, No. 00-1475, 2000 WL 1871891 (6th Cir. Dec. 12, 2000) (concluding that a plaintiff's allegations that a ventilation system smelled strongly of gas did not allege a sufficiently serious harm where, despite his allegations that the fumes caused him to experience shortness of breath and watery eyes, the plaintiff failed to allege a substantial risk of serious harm); *Thompson v. County of Medina*, 29 F.3d 238 (6th Cir. 1994) (upholding a dismissal of pretrial detainees' claim that a jail had inadequate ventilation); *Peters v. Berghuis*, No. 1:09-cv-14, 2009 WL 261387, at *7 (W.D. Mich. Feb. 3, 2009) (rejecting claim that ventilation at LRF was constitutionally inadequate without the use of an electric fan).

In the instant case, Plaintiffs fail to allege that Defendants have subjected them to an objectively serious deprivation. As the Supreme Court has observed, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9. Plaintiffs allege only that the ventilation system moves less than ten cubic feet of air per person and causes them discomfort in the form of headaches, sinus problems and nose bleeds. "The Eighth Amendment does not guarantee a certain type of ventilation system or a certain rate of air exchange." *Bolton v. Goord*, 992 F. Supp. 604, 628 (S.D.N.Y. 1998). Plaintiffs' allegations support a conclusion that the ventilation system, at most, imposes routine discomforts on Plaintiffs. *See Vasquez*, 290 F. App'x at 929 (finding such minor respiratory ailments did not constitute an extreme deprivation); *Chandler*, 379 F.3d at 1297-98 (ventilation system that only occasionally resulted in room temperatures over 90 degrees was not sufficiently serious); *Bourrage*, 2011 WL 185034, at *3.

Further, Plaintiffs allege the kinds of uncomfortable nasal and throat irritation experienced by many Michiganders during the dry, winter months. Plaintiffs therefore fail to allege that the health risks of which they complain are not ones that society chooses to tolerate. *Helling*, 509 U.S. at 36; *Chandler*, 379 F.3d at 1297.

In addition, even if Plaintiffs could allege the existence of objectively inadequate and unconstitutional conditions, their allegations fail to demonstrate the subjective component of the Eighth Amendment inquiry. Plaintiffs make no allegations that the alleged sinus and respiratory conditions they have suffered went untreated by prison staff. *See Vasquez*, 290 F. App'x at 930 (noting that where a prisoner does not allege or show that respiratory problems went untreated, he cannot show the requisite disregard of an excessive risk to prisoner health or safety from a lack of ventilation); *Bourrage*, 2001 WL 185034, at *3 (where a prisoner is given medical treatment for his respiratory complaints, he fails to demonstrate that prison officials have acted with indifference to his needs and safety). Consequently, Plaintiffs have not alleged that Defendants were indifferent to their medical needs or safety.

Because they raise insufficient allegations of either component of the deliberate-indifference standard, Plaintiffs' Eighth Amendment complaint fails to state a claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiffs' action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If Plaintiffs are barred, they will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 13, 2010                              /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE